```
UNITED STATES DISTRICT COURT                    For Online Publication Only
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOHN PAUL RUSSO,

                        Plaintiff,

        -against-                                   **MEMORANDUM & ORDER**
                                                    18-cv-5472 (JMA) (AKT)
POM RECOVERIES, INC.,

                        Defendant.
-------------------------------------------------------X
```

**APPEARANCES:**

Edward B. Geller, Esq., P.C.
15 Landing Way
Bronx, NY 10464
      *Attorney for Plaintiff*

Robert L. Arleo, Esq. P.C.
380 Lexington Avenue, 17th Floor
New York, New York 10168
      *Attorney for Defendant*

FILED
CLERK

4/8/2020 12:59 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff John Paul Russo ("Plaintiff") commenced this action in State Court by filing a Complaint dated March 19, 2018, and serving defendant POM Recoveries, Inc. ("Defendant") on August 31, 2018. (See ECF No. 1.) The Complaint alleges that Defendant violated the Federal Fair Debt Collection Practices Act ("FDCPA"), 15.U.S.C. § 1692 et. seq. (Id.) Accordingly, Defendant removed this case to the Eastern District of New York on September 28, 2018 pursuant to 28 U.S.C. § 1441 because this Court has federal question jurisdiction under 28 U.S.C. § 1331. (Id.) Defendant quickly filed an Answer, (ECF No. 5), and sought leave to file a motion for summary judgment, prior to any discovery. (ECF No. 6.) The Court then held a pre-motion conference and when the parties could not resolve the case, issued a briefing schedule. (ECF No. 9.) Defendant's motion for summary judgment is now fully briefed. (ECF Nos. 11, 12, 13.)

Plaintiff claims that Defendant communicated with a third-party about a consumer debt allegedly owed by Plaintiff, in violation of Section 1692(c) of the FDCPA. (Complaint ¶¶ 8–13, 15–16, ECF No. 1-2.) Specifically, as part of Defendant's effort to collect this debt, Plaintiff claims that Defendant left a voice message on a cell phone that did not belong to Plaintiff, and it was heard by the owner of the cell phone. (Pl.'s Rule 56.1 Counter-Stmt., ECF No. 12-2.) Defendant, however, points to evidence showing that, when Plaintiff received the medical services from South Nassau Communities Hospital ("SNCH") that led to the alleged consumer debt, Plaintiff signed an admissions form that stated:

> I have provided South Nassau Communities Hospital with my cell phone number. I agree that South Nassau Communities Hospital, its agents and contractors may contact me on that number using an automated telephone dialing system or prerecorded or artificial voice to discuss my account, including current and possible future services, customer service, billing and collections.

(Def.'s Rule 56.1 Stmt. ¶¶ 3–4, ECF No. 11-1; Ex. 1, ECF No. 11-2.) A second form included a cell phone number provided by Plaintiff.[1] (Def.'s Rule 56.1 Stmt., ¶¶ 3, 5; Ex. 2, ECF No. 11-3; Pl.'s Responses to Def.'s Rule 56.1 Stmt. ¶¶ 3, 5, ECF No. 12-1.) Defendant was eventually retained by SNCH to collect the consumer debt allegedly owed by Plaintiff for medical services rendered by SNCH and left the voice message at issue. (Def.'s Rule 56.1 Stmt., ¶¶ 1–2, 6; Pl.'s Rule 56.1 Counter-Stmt. ¶ 1.) Plaintiff claims he is not the owner of the cell phone number to which the message was left. (Pl.'s Rule 56.1 Counter-Stmt. ¶¶ 1–3.)

Defendant's only argument in support of its motion for summary judgment is that the voice message at issue did not violate the FDCPA because Plaintiff expressly consented to be contacted

---

[1] Plaintiff has not created a disputed issue of material fact regarding whether he signed the admission forms. In his response to Defendant's Rule 56.1 Statement, Plaintiff indicated he does not recall signing the two forms but does not contest that his signature appears on the forms or that the form attached as Exhibit 2 sets forth Plaintiff's purported cell phone number. (Def.'s Rule 56.1 Stmt. ¶¶ 3, 5; Pl.'s Responses to Def.'s Rule 56.1 Stmt. ¶¶ 3, 5.) Nor does Plaintiff expressly deny signing the forms. Plaintiff's mere inability to recall signing these document does not create a factual dispute on that issue.

on his cell phone by "agents and contractors" of SNCH. In support, Defendant cites Reyes v. Lincoln Auto. Fin. Servs., 861 F.3d 51 (2d Cir. 2017), which holds that under the Telephone Consumer Protection Act ("TCPA") a consumer cannot unilaterally revoke his consent to be called on his cell phone when that consent forms part of a bargained-for exchange. The plaintiff in Reyes leased an automobile from the defendant, and the lease contract included an express provision consenting to be contacted by prerecorded or artificial voice messages. The plaintiff then tried to revoke his consent to be contacted by allegedly sending a letter to the defendant. However, the Second Circuit determined that, since the lease contract was a bargained-for exchange, the consent was not provided "gratuitously." Accordingly, based on the common law meaning of consent, the Second Circuit held that the plaintiff's consent to be contacted could not be unilaterally revoked.

Reyes does not entitle Defendant to summary judgment. First, Plaintiff does not contend that he withdrew consent previously given. More critically, the TCPA explicitly prohibits certain types of calls "without the prior express consent of the called party." 47 U.S.C. § 227. By contrast, the FDCPA provision regarding third party communications and consent states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector..

15 U.S.C. § 1692c(b) (emphasis added). Here, Plaintiff did not provide any consent, in connection with the collection of a debt, directly to Defendant, the debt collector. The only consent Plaintiff provided was to SNCH. Thus, even if the meaning of the term "consent" addressed by Reyes in the TCPA context might have some relevance to cases in the FDCPA context, it is not relevant here and does not entitle Defendant to summary judgment.

Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, Defendant has not established entitlement to judgment as a matter of law because the sole argument advanced by Defendant is meritless. While the Court is not necessarily convinced that there was an FDCPA violation here (or, if there was, that no affirmative defenses apply), the Court cannot grant summary judgment on the basis presented by Defendant. Accordingly, Defendant's motion for summary judgment is DENIED.

**SO ORDERED.**

Dated: April 8, 2020
      Central Islip, New York

                                                  /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE